IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NINA STOWERS f/k/a NINA SHULL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-376 |
| vs. ) | |
| ) | |
| COMMERCIAL RECOVERY SYSTEMS, ) | |
| INC., and MAIN STREET ) | |
| ACQUISITION CORP., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, NINA STOWERS f/k/a NINA SHULL, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendants, COMMERCIAL RECOVERY SYSTEMS, INC. and MAIN STREET ACQUISITION CORP., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in King Mountain, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. (hereinafter "Commercial Recovery"), is a corporation of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Dallas, Texas.

8. On information and belief, Defendant, MAIN STREET ACQUISITION CORP. (hereinafter "Main Street") is a corporation of the State of Nevada, which is licensed to do business in North Carolina and which has its principal place of business in Las Vegas, Nevada.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

9. Defendant Commercial Recovery, through its agents, representatives and/or employees, acting in its capacity as the authorized agent of Defendant Main Street began contacting Plaintiff during or about April 2012 in attempts to collect the aforementioned alleged debt which is allegedly owed to Main Street by Plaintiff.

10. Defendant Commercial Recovery's agent, representative and/or employee also placed a telephone call to Plaintiff's sister-in-law on or about April 16, 2012, in a further attempt to collect the alleged debt. During this call, Defendant Commercial Recovery's agent, representative and/or employee disclosed to Plaintiff's sister-in-law that Defendant Commercial Recovery was attempting to collect an alleged debt from Plaintiff. The caller also stated that they were calling from an attorney's office, that Plaintiff had been sued, and that the case would be going to trial. To date, Defendants have not initiated a lawsuit against Plaintiff in an attempt to recover the alleged debt.

11. Defendant Commercial Recovery's agent, representative and/or employee had no reason to place telephone calls to Plaintiff's sister-in-law, as Defendant Commercial Recovery already was in possession of valid contact information for the Plaintiff herself.

12. In a telephone conversation with Plaintiff on or about April 16, 2012, Defendant Commercial Recovery's agent, representative and/or employee representing herself as Sheila White, refused to disclose the name of Defendant Commercial Recovery.

13. In other telephone conversations with Plaintiff, Defendant Commercial Recovery's agents, representatives and/or employees threatened to report Plaintiff to the I.R.S., stated that Plaintiff was going to be charged with fraud, and that they were calling on behalf of HSBC, but never disclosed the name of the current creditor.

14. Defendant Commercial Recovery also failed to disclose in each and every communication with Plaintiff that the communication was from a debt collector.

15. All of the actions of Commercial Recovery as described above were undertaken as the authorized agents of Main Street.

16. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged, in violation of 15 U.S.C. § 1692b(2);

    b. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    c. Communicating with Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of 15 U.S.C. § 1692d(6);

    d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

f.  Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

g.  Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

h.  Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

i.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NINA STOWERS f/k/a NINA SHULL, respectfully prays for a judgment against Defendants as follows:

a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

18.  Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19. In its attempts to collect the aforementioned alleged debt, Defendants violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged, in violation of N.C. Gen. Stat. § 58-70-105(1);

   b. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of N.C. Gen. Stat. § 58-70-105(1);

   c. Communicating with Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of N.C. Gen. Stat. § 58-70-110(1);

   d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of N.C. Gen. Stat. § 58-7-110(7);

   e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

   f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 58-70-95(2);

g. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110;

h. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-110(2); and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NINA STOWERS f/k/a NINA SHULL, respectfully prays for a judgment against Defendants as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com